DORSEY *v.* STATE OF INDIANA.

[No. 1268S197. Filed July 28, 1970.]

*Olsen and Niederhaus,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from the judgment of the Vanderburgh Circuit Court wherein the appellant was tried by a jury and convicted of violating the 1935 Narcotic Act as provided in Acts 1935, ch. 280, § 2, p. 1351, as amended by Acts 1961, ch. 90, § 2, p. 169, being Ind. Ann. Stat. § 10-3520 (1969 Supp.).

The amended affidavit charging the appellant with the offense was filed on January 5, 1968, and reads in pertinent part as follows:

> "KENNETH P. WOLFE being duly sworn upon his oath says that FRANK DORSEY on or about the 20th day of November A.D., 1967, at said County and State as affiant verily believes did then and there unlawfully and feloniously have in his possession and under his control

a certain hypodermic syringe and needle, an instrument adapted for the use of narcotic drugs by injection in a human being, to-wit: one Yevette Staten, and was not authorized by any law of the United States of America or the State of Indiana to have such instrument in his possession or under his control.

Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

On January 15, 1968, the appellant filed a motion to quash the amended affidavit, which motion was overruled on January 18, 1968. On this same day the appellant waived arraignment, entered a plea of not guilty, and requested a trial by jury.

On April 18, 1968, the appellant filed a motion for change of judge, which was overruled on the same day. On July 3, 1968, the appellant filed another motion for change of judge which motion was also overruled.

On July 8, 1968, the appellant filed a motion entitled "Motion for Leave to Take Depositions and Order Requiring Prosecutor to Produce Witnesses for Depositions and Trial." This motion was granted by the trial court, and the taking of the depositions was set for July 17, 1968.

On July 23, 1968, the date set for trial, the appellant moved for a continuance on the grounds that the witnesses failed to appear for the taking of depositions as ordered by the court. The motion for a continuance was overruled, and the cause proceeded to trial.

The jury found the appellant guilty as charged, and he was sentenced by the trial court to a term of one (1) to five (5) years in the Indiana State Prison, and was fined One Thousand Dollars ($1,000.00) and costs.

The appellant's motion for a new trial was filed on August 26, 1968, and overruled on September 3, 1968. The appellant's sole assignment of error on appeal is that the trial court erred in overruling the motion for a new trial.

The appellant's contentions on appeal are that: 1. there is

a variance between the allegation contained in the affidavit and the actual proof at trial in that the evidence does not support the allegation that the appellant possessed a hypodermic syringe and needle; 2. the trial court erred in overruling the appellant's motion for a continuance which was filed on July 23, 1968; 3. the trial court erred in overruling the appellant's two motions for a change of judge; 4. the trial court erred in failing to give the appellant's tendered instruction No. 5.

The affidavit with which the appellant was charged alleged that the appellant possessed a "* * * certain hypodermic syringe and needle, an instrument adapted for the use of narcotic drugs by injection in a human being." State's Exhibit No. 1, purported to be the "instrument" referred to in the affidavit, consists of a medicine dropper with a black bulb attached to one end, and a hypodermic needle attached to the other end. The statute under which the appellant was charged, § 10-3520, *supra,* reads in pertinent part as follows:

"(c)   It shall be unlawful for any person to possess or have under his control, with intent to violate any provision of this act, any hypodermic syringe or needle or any instrument adapted for the use of narcotic drugs by injection in a human being."

The appellant contends that the object referred to in the affidavit and introduced at trial as State's Exhibit No. 1 is not a "hypodermic syringe," but only a medicine dropper and needle, and nothing more. To support his contention the appellant, at trial, called to the witness stand a registered pharmacist who testified that a hypodermic syringe consists of a tapered cylinder, to which a needle is attached, with a plunger. The plunger is used to force the liquid in the cylinder through the needle. The appellant contends that he was misled by the affidavit since he was prepared to offer evidence that he never had a "hypodermic syringe" in his possession.

A defendant in a criminal trial is entitled to be informed specifically of the crime or crimes with which he is charged

so that he may be able to intelligently prepare a defense. *State* v. *Baker* (1963), 244 Ind. 150, 191 N. E. 2d 499; *Loveless* v. *State* (1960), 240 Ind. 534, 166 N. E. 2d 864. In determining whether an affidavit states the alleged offense with sufficient clarity the words of the affidavit must be construed in the manner in which they are commonly and ordinarily accepted. Acts 1905, ch. 169, § 173, p. 584, being Ind. Ann. Stat. § 9-1125 (1956).

In the case at bar, the appellant contends that the State alleged in the affidavit that he was in possession of a "hypodermic syringe", while the evidence at trial established only that the appellant possessed, at the time in question, an eye dropper. The appellant argues that this constituted a material variance since the State failed to prove that the appellant was in possession of a "hypodermic syringe" as alleged in the affidavit.

We do not agree with the appellant's contentions. Webster's Third New International Dictionary (G. & C. Merriam Co. 1961) defines a "syringe" as follows:

"1. a device used to inject fluids into or withdraw them from the body or its cavities: as *a*: a device consisting of a nozzle of varying length and a compressible rubber bulb and used for injection or irrigation."

Webster's Dictionary, *supra*, defines a "hypodermic syringe" as:

"A small syringe used with a hollow needle for injection of material into or beneath the skin."

The device seized by the police and introduced into evidence as State's Exhibit No. 1 is an eye dropper with a compressible rubber bulb to which is attached a hypodermic needle. Thus, State's Exhibit No. 1 clearly fits the accepted definition of "hypodermic syringe", and the appellant's contention that there is, in the case at bar, a material variance is utterly without merit.

The appellant next contends that the trial court erred in overruling his oral motion for a continuance which was made on July 23, 1968, the date set for trial of the cause. The basis for the appellant's motion for a continuance was that the witnesses who were ordered to appear at the prosecutor's office on July 17, 1968, for the taking of depositions failed to appear on that date as ordered by the court. In opposition to the motion the prosecution argued that two of the witnesses ordered to appear for the taking of depositions were present in the courtroom and available for trial, and that the appellant failed to show how he was prejudiced. The prosecution argued further that the motion was not timely and should have been made when the witnesses failed to appear as ordered.

The witnesses sought to be examined by the appellant prior to trial were John E. Ferguson and Kenneth P. Wolfe, both of whom were, at the time, Detective Sergeants with the Indiana State Police, and Ernest Ray Powell, who was an inmate of the Indiana State Farm at the time the investigation in question began. Powell's function was to make contacts for Ferguson and Wolfe, and to help them maintain their undercover identity. Powell was present, along with the officers, throughout all of the pertinent events in the investigation. According to the testimony of both Ferguson and Wolfe, Powell was present in the appellant's home on the evening of November 20, 1967, when the appellant was alleged to have been in possession of the hypodermic syringe. Powell, according to Sgt. Ferguson, was also present with Sgt. Wolfe that evening when the appellant allegedly gave an injection to a woman who was present in the appellant's home. Sometime in December, 1967, after the investigation had been completed, Powell, a paid convict informant, or agent provocator, was given $500.00 by the State Police, and taken to the airport by them where he boarded an airplane for California. The remainder of his sentence at the Indiana State Farm was commuted.

The appellant's "Motion for Leave to Take Depositions and

Order Requiring Prosecutor to Produce Witnesses for Depositions and Trial" reads in pertinent part as follows:

"Comes now the Defendant and moves the Court for an Order granting the Defendant leave to take oral depositions of Ernest Ray Powell, Kenneth P. Wolfe and John E. Ferguson at the time and place set by the Court, and further requests that the Court order the Prosecutor to produce said witnesses for said depositions and for the trial of this case. In support of said motion the Defendant shows unto the Court:

1. That although Ernest Ray Powell is not a witness endorsed on the back of the Prosecutor's Affidavit, the depositions heretofore taken in this case indicate that he made the original contact for Kenneth P. Wolfe and John E. Ferguson.

2. That Ernest Ray Powell was a witness to all the transactions between the Defendant and Kenneth P. Wolfe and John E. Ferguson.

3. That in similar cases hereto Ernest Ray Powell was the moving party in every case of which the Defendant had knowledge and in most instances was a personal friend of the Defendants.

4. That Ernest Ray Powell was hidden, paid money to leave the State of Indiana and supplied with money to pay the expenses of his leaving the State of Indiana by Kenneth P. Wolfe and John E. Ferguson and that they are the only persons who can therefore give the present address of Ernest Ray Powell or who are in a position to obtain this information.

5. That Ernest Ray Powell is a very important witness whose presence in Court at the time of the trial of this case is imperative and without his presence, justice cannot be done in this matter."

In pertinent part, the order of the trial court granting the above motion reads as follows:

"Comes now the Defendant herein and files his Motion for Leave to Take Depositions and Order Requiring Prosecutor to Produce Witnesses for Depositions and Trial, which Motion is in the following words and figures: (H. I.)

And the Court being duly advised in the premises and being of the opinion that there is good cause for the taking of the depositions and for the granting of an order requiring the Prosecutor to produce Ernest Ray Powell, Kenneth

P. Wolfe and John E. Ferguson for the depositions and trial now grants said Motion.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Depositions of Ernest Ray Powell, Kenneth P. Wolfe and John E. Ferguson be taken in this cause on behalf of the Defendant on the 17th day of July, 1968, between the hours of 10 o'clock A.M., and 5 o'clock P.M. at the law offices of Olsen and Niederhaus, 123 Locust Street, Evansville, Indiana, before some officer authorized to take said depositions.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Prosecutor of the First Judicial District of the State of Indiana shall produce Ernest Ray Powell, Kenneth P. Wolfe and John E. Ferguson for the taking of said depositions and for the trial of this case which has heretofore been set for the 22nd day of July, 1968."

The above order of the trial court notwithstanding, all three of the witnesses failed to appear at the law offices of Olsen and Niederhaus on July 17, 1968, and the witness Ernest Ray Powell failed to appear at trial.

This Court has previously recognized and endorsed the limited right of a defendant in a criminal proceeding to pretrial discovery. See, *Bernard* v. *State* (1967), 248 Ind. 688, 230 N. E. 2d 536; *Johns* v. *State* (1968), 251 Ind. 172, 240 N. E. 2d 60; *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873.

Both *Bernard* v. *State, supra,* and *Johns* v. *State, supra,* recognized the right of the criminal defendant to disclosure of the identity of the prosecution's witnesses unless the State is able to show a paramount interest in nondisclosure. In *Johns* v. *State, supra,* this Court said:

"The purpose of the Bernard doctrine is to insure justice and fairness in criminal proceedings, and it is axiomatic that an accused is not justly and fairly tried when his counsel is compelled to manuever in a factual vacuum. Nor is fairness and justice enhanced when convictions are gained through surprise, or by the prosecution misleading the defense."

In *Bernard* v. *State, supra,* the landmark case in Indiana criminal discovery, Judge Hunter, speaking for the Court said: "It is self-evident that a list of witnesses would have been beneficial in the preparation of appellant's case."

In the case at bar we are not confronted with the precise issues that were before us in *Bernard.* Rather, the case at bar is more analogous to *Johns* v. *State, supra.* In the case at bar the trial court recognized the right of the appellant to depose the State's material witnesses. To this end the trial court ordered the three witnesses to be present at a fixed time and place for the taking of depositions, and also ordered them to be present at trial. None of the witnesses appeared, as ordered, for the taking of depositions, and only two of the witnesses were present at trial. Notwithstanding the failure of the witnesses to appear for the depositions, and the failure of one of the witnesses to be present at trial, the trial judge overruled the appellant's motion for a continuance.

In *Johns* v. *State, supra,* the trial court ordered the State "to furnish the defendant with the names and addresses of *'all witnesses'* upon whom the State *'intends to and will rely in the prosecution of this case.'* " Notwithstanding the court order, the prosecution, at trial, presented four witnesses whose names had not been furnished to the defendant. The defendant objected to the testimony of the witnesses, but the objections were overruled and the witnesses allowed to testify. The defendant in *Johns,* however, failed to move for a continuance. In reversing we said:

> "There is no doubt that appellant, by failing to move for a continuance when the witnesses were called, failed to pursue his proper remedy. However, this Court cannot, and should not, look with equanimity upon a blatant disregard of a court's order by the State in a criminal proceeding, particularly where the defendant's life is at stake. Had the State, prior to trial, sought a rehearing on defendant's motion, or made a good showing of inability to comply with the order, it would not now be in a position of having deliberately disobeyed the order of the trial court." 240 N. E. 2d 65.

In the case at bar, just as in *Johns,* we are faced with what can only be characterized as "* * * a blatant disregard of a court order by the State in a criminal proceeding." In the case at bar, however, the implications are far more sinister in view of the very active part played by the State in seeing that Powell, a material witness, left the State of Indiana immediately upon completion of the investigation. Although the State was apparently quite willing to pay Powell $500.00, take him to the airport, and see him off to California, it was apparently unwilling to obey the court order requiring the production of Powell at trial and for the taking of depositions. In addition, the State failed to produce the two investigating officers at the time and place ordered by the court for the taking of depositions.

Inasmuch as Powell was allegedly present throughout the critical stages of the investigation in the case at bar, it can hardly be argued that he was not a material witness. In fact, given the nature of the investigation, it is quite possible that information available from Powell could have afforded the appellant an affirmative defense. Thus, it cannot be disputed that the opportunity to question Powell prior to trial would clearly "* * * have been beneficial in the preparation of appellant's case." 248 Ind. 692. By failing to produce Powell and the other two witnesses for depositions, as ordered by the court, the State very effectively denied the appellant his right to pre-trial criminal discovery; a right which this Court has previously recognized and enforced. See, *Bernard* v. *State, supra; Johns* v. *State, supra; Antrobus* v. *State, supra.* Moreover, by failing to obey the court order to produce the witnesses for depositions, the State denied the appellant the statutory right under Ind. Ann. Stat. § 9-1610 (1956 Repl.) to take the depositions of the State's witnesses. See, *Amaro* v. *State* (1968), 251 Ind. 88, 239 N. E. 2d 394.

When faced with the State's "blatant disregard" of the court's order, and frustrated by the State in his attempts

to avail himself of his pre-trial discovery rights, the appellant pursued his "proper remedy" by moving for a continuance until such time as he could depose the State's witnesses.

Here, as in *Johns*, the State made no showing of inability to comply with the court's order to produce the witnesses, nor, at any time, did it seek a modification of the court's order. Moreover, even though the State assisted Powell in leaving the jurisdiction, it is clear from the record that the State could have produced Powell had it chosen to do so since Detective Ferguson testified at trial that Powell agreed to return to Evansville for trial whenever so requested.

Under the particular circumstances in the case at bar, we can only conclude that it was error for the trial court to have overruled the appellant's motion for continuance. We therefore must reverse the judgment of the trial court.

In so doing we must also express our displeasure with the State for its conduct in this case. While we recognize that under certain circumstances the names and persons of material witnesses must be concealed for their own protection, there was no showing by the State that this was such a case. The record is barren of any justification by the State for wilfully and intentionally disobeying an order of the trial court. In the absence of any attempt by the State to justify the non-production of Powell, the only reasonable inference which may be drawn is that Powell's testimony would have been damaging to the prosecution's case. Moreover, although the State's witnesses at trial testified that Powell would have returned upon request, the fact remains that Powell did not return even though the trial court ordered the prosecution to produce him.

In light of the deplorable conduct of the State in this case we feel compelled to comment that the interests of justice and society are best served by a full and complete disclosure of

420

material evidence, and not by the concealment of material witnesses and contemptuous disregard of court orders.

The judgment of the trial court is reversed with instructions to grant the appellant's motion for a new trial.

Hunter, C.J., DeBruler and Givan, JJ., concur. Arterburn, J., concurs in result.

NOTE.—Reported in 260 N. E. 2d 800.