OTHELLO UPSHAW AND BARRON REEVES *v.* STATE OF INDIANA.

[No. 3-375A51. Filed August 10, 1976.]

*Paul J. Giorgi Professional Corporation* and *Nicholas J. Schiralli,* of Merrillville, for appellants.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

STATON, P.J.—Reeves and Upshaw were tried together for the robbery of the Father and Son Shoe Store in Gary, Indiana. They were found guilty of the robbery by a jury and both were sentenced to the custody of the Indiana Department of Corrections for a period of not less than ten (10) nor more than twenty-five (25) years. The basic issue presented by Reeves and Upshaw in their joint appeal to this Court is whether they were denied a fair trial because the State failed to comply with a pre-trial discovery order. We affirm.

Both Reeves and Upshaw were granted permission by the trial court to take depositions of the State's witnesses. These witnesses failed to appear for their depositions, and Reeves secured from the trial court this protective order on June 4, 1974:

"It is now ordered by the Court that no witness will be allowed to testify until the defendant has an opportunity to depose said witness."

During the four month period that elapsed from the time of the above protective order to the trial on October 2, 1974, several of the State's witnesses were deposed and deposition dates for State's witnesses James Wilson and Willie Pennington were set for September 30, 1974. Although both of these witnesses failed to appear for depositions on September 30th, trial was commenced on October 2, 1974 without a defense motion for a continuance. On the evening of October 2, 1974, Reeves and Upshaw's defense counsel deposed Wilson and Pennington. The next day, the State presented testimony by both Wilson and Pennington, and Reeves and Upshaw's defense counsel thoroughly cross-examined these witnesses. At no time during the trial, did Reeves and Upshaw object to the testimony of Wilson and Pennington on the ground that the trial court should enforce its protective order barring their testimony. Reeves and Upshaw did not seek a continuance to allow for further trial preparation after deposing Wilson and Pennington.

By statute in Indiana and under Indiana case law, a criminal defendant has a general right to take depositions of the State's witnesses. *Amaro* v. *State* (1968), 251 Ind. 88, 239 N.E.2d 394; *Reynolds* v. *State* (1973), 155 Ind. App. 226, 292 N.E.2d 290; see *State ex rel. Keller* v. *Criminal Court* (1974), 262 Ind. 420, 317 N.E.2d 433; IC 1971, 35-1-31-8 (Burns Code Ed.). The trial court has the inherent power to protect the discovery process by imposing sanctions such as a protective order barring testimony. *Keel* v. *State* (1975), 165 Ind. App. 579, 333 N.E.2d 328; see *Chatman* v. *State* (1975), 263 Ind. 531, 334 N.E.2d 673; *State* v. *Buza* (1975), 163 Ind. App. 514, 324 N.E.2d 824. Generally, the proper remedy for failure of the State to comply with a pre-trial discovery order is either an order compelling compliance, *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387, or a continuance. *Dorsey* v. *State* (1970), 254 Ind. 409, 260 N.E.2d 800; *Buchanan* v. *State* (1975), 166 Ind. App. 430, 336 N.E.2d 654. Under most circumstances,

failure to seek a continuance waives any error resulting from the State's non-compliance with the discovery order. *Owens* v. *State* (1975), 263 Ind. 487, 333 N.E.2d 745; *Buchanan* v. *State, supra.*

However, under some circumstances the failure to seek a continuance will not defeat relief on appeal. If the State's failure to comply with the pre-trial discovery order was an apparent blatant disregard of the court's discovery order and resulted in a denial of a fair trial to the defendant, the defendant's conviction will be reversed on appeal regardless of the defendant's failure to seek a continuance. *Dorsey* v. *State* (1970), 254 Ind. 409, 260 N.E.2d 800; *Johns* v. *State* (1968), 251 Ind. 172, 240 N.E.2d 60. As the Supreme Court of Indiana explained in *Johns* v. *State, supra,* 251 Ind. at 180, 240 N.E.2d at 65:

> "There is no doubt that appellant, by failing to move for a continuance when the witnesses were called, failed to pursue his proper remedy. However, this Court cannot and should not, look with equanimity upon a blatant disregard of a court's order by the State in a criminal proceeding, particularly where the defendant's life is at stake. Had the State, prior to trial, sought a rehearing on defendant's motion, or made a good showing of inability to comply with the order, it would not now be in a position of having deliberately disobeyed the order of the trial court. We agree with appellant's counsel in their argument that it is fundamentally a denial of due process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States to lead a defendant to believe that he has been afforded the right of discovery, and then permit the State of Indiana, in violation of an order of court, to present, during its case in chief, surprise witnesses whose testimony substantially added to the weight of the State's case."

In *Gregory* v. *State* (1972), 259 Ind. 295, 300, 286 N.E.2d 666, 670, the Supreme Court of Indiana explained that the reversal in *Johns* v. *State, supra,* was imposed as a sanction against the State, ". . . both for the blatant disregard for the court's order to disclose the names of witnesses and for improper issuance of the search warrant."

In *Dorsey* v. *State, supra,* defendant did request a continuance upon failure of State's witnesses to appear for depositions, but the trial court overruled the defendant's motion for continuance. The Supreme Court of Indiana reversed the trial court for failing to grant the continuance because of the State's apparent blatant disregard of the court's discovery order. In the *Dorsey* case, the State was instrumental in encouraging a material witness to leave the state so that he was unavailable for the taking of depositions or for trial.

Pennington and Wilson failed to appear for depositions set on September 30, 1974, but there is no indication in the record before this Court that the State deliberately tried to thwart the taking of their depositions so as to place Reeves and Upshaw at a disadvantage. Wilson, a high school student, had moved to Wisconsin subsequent to the robbery. At trial, Wilson admitted that he received a subpoena to appear on September 30, 1974, but he did not understand that it was a subpoena to appear for a deposition. Evidently, someone in the prosecutor's office told Wilson, when Wilson called about the subpoena, that he did not have to appear until the trial on October 2, 1974. However, it is unclear from the record before this Court whether the person Wilson talked to in the prosecutor's office understood that Wilson's subpoena was for a deposition. Also, Pennington testified at trial that he did not receive any notice that he was to be present for depositions on September 30, 1974. The record does not disclose whether the State had notice of this deposition date.

There has been no showing that the State deliberately attempted to thwart pre-trial discovery as in *Dorsey* v. *State, supra,* nor is there a showing of a combination of errors requiring reversal as in *Johns* v. *State, supra.* Additionally, the State was precluded by the trial court's June 4, 1974 order from introducing Pennington and Wilson's testimony until they had been deposed. When Reeves and Upshaw elected to depose Wilson and Pennington during

the trial and then elected not to seek a continuance, they waived any error on appeal.

There has been no showing that a fair trial was denied because of the late completion of discovery. We certainly agree with Reeves and Upshaw's contention that the purpose of pre-trial discovery is to promote justice and to prevent surprise by allowing the defense adequate time to prepare its case. However, we cannot agree with Reeves and Upshaw's contention that they were denied adequate preparation time because of the late discovery in this case.

It is true that Pennington and Wilson's testimony was critical to the State's case. It is also true that there was not time to transcribe Wilson and Pennington's depositions for use at trial. However, during cross-examination of Pennington and Wilson at trial, defense counsel brought out several discrepancies between their depositions and their testimony at trial. Reeves and Upshaw do not contend on appeal that the taped depositions of Pennington and Wilson disclose any other inconsistencies that were not brought out at trial because of the lack of adequate time to properly review the tapes of the depositions.

Reeves and Upshaw also contend that the deposition of Pennington disclosed for the first time a possible favorable witness. However, Reeves and Upshaw did not seek a continuance to obtain this possible witness' testimony. Also, Reeves and Upshaw have not presented this Court or the trial court with any affidavits demonstrating what this witness' testimony probably would have been at trial. Reeves and Upshaw are asking this Court to reverse their convictions merely upon the possibility that favorable evidence exists. They have failed to demonstrate on appeal that this evidence would probably have produced a different result. *Cf. Vacendak v. State* (1976), 264 Ind. 101, 340 N.E. 2d 352, 357.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 352 N.E.2d 102.