Elmer Eugene **RICKETTS**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 1184S433.

Supreme Court of Indiana.

March 31, 1986.

George C. Barnett, Jr., Barnett & Barnett, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Child Molesting and Attempted Child Molesting. The court imposed fifteen (15)

year sentences for each conviction with the sentences to be served concurrently.

The facts are: The victims, C.H. and S.H., are the children of appellant's girl friend, Linda Ferguson. Prior to the incident in the case at bar, Ferguson relinquished custody of the children to the local welfare office. The welfare department placed the children in a foster home. Ferguson obtained permission from the department to have temporary custody of the children for the weekend of August 5 to 7, 1983. Over the course of that weekend, appellant spent considerable time with Ferguson and the children. When the children were returned to the foster home on August 7, they reported to the foster parents that appellant had demanded that S.H., a seven-year-old, perform an act of fellatio. The girl refused. Appellant then forced C.H., a six-year-old, to perform the act after he hit her on the head. On the 9th of August, the children were taken to the welfare office where a welfare worker, using anatomically correct dolls, interviewed the children. These statements implicated appellant in the events of the past weekend as well as several prior incidents of a similar nature.

Appellant argues the trial court erred when it denied his motion for a continuance. The motion was made the day trial commenced. Its purpose was to delay the onset of trial so appellant's counsel could interview Linda Ferguson and use the information to prepare a trial strategy. After the incident in question, Ferguson was incarcerated on an unrelated matter in the facility at Westville.

Several weeks prior to trial, appellant filed a motion asking the court to order Ferguson to be transferred to the Vanderburgh County Jail so that she might assist in the preparations of the trial strategy. The court issued the order. On Thursday, May 3, 1984, four days prior to the commencement of trial, counsel informed the court the order had not been complied with by the sheriff. The court then reiterated its order.

When trial commenced on Monday, May 7, Ferguson was still not housed at the local jail. After the jury had been selected and sworn, appellant sought the continuance. The court informed the parties Ferguson would be available for interviews later that afternoon. The court also noted the State's presentation of its case would not conclude on Monday and that the court would be closed on Tuesday for the primary election. The court then indicated that Monday evening and all day Tuesday would be sufficient time for the parties to interview Ferguson and denied the motion.

Ind.Code § 35–36–7–1 governs the granting of a continuance sought by a defendant. The statute requires the defendant file an affidavit with the court requesting the continuance no later than five days before the date set for trial. The State argues appellant failed to comply with this requirement and thus the decision of the trial court will be reversed only upon a showing of an abuse of discretion. *See Crabtree v. State* (1984), Ind., 470 N.E.2d 725.

Appellant argues the statute is not dispositive when the defendant has relied on the assumption that other parties will comply with valid court orders. He maintains the reason he did not comply with the statute was he believed the sheriff would have brought Ferguson to the jail prior to the onset of trial. Appellant maintains Ferguson was more than a potential defense witness. He contends the information gathered from her was essential to the development of an overall trial strategy. He asserts the interviews with her prior to trial would determine the nature of the opening statement and crystallize the decision of whether appellant should take the stand in his own defense.

He cites *Dorsey v. State* (1970), 254 Ind. 409, 260 N.E.2d 800 and *Gilliam v. State* (1978), 270 Ind. 71, 383 N.E.2d 297 as cases in which this Court either held or suggested that the denial of a continuance which had the effect of precluding the defendant from adequately preparing for trial was reversible error. Ferguson did testify on

behalf of appellant. In her testimony she corroborated appellant's version of the incident. She stated her children did not have a particularly good character for the truth. She indicated lying was part of the behavior problems of the children.

■ *Dorsey* and *Gilliam* are distinguishable on their facts. Appellant was not deprived of contact with Ferguson. She was readily available for an interview, either in person or by telephone, at the Westville facility. While this was perhaps not convenient, it was nevertheless an available option. Counsel admitted he was aware of Ferguson's location at all pertinent times. We are cognizant of the fact counsel was appointed as a substitute late in the proceedings; however, he did have the benefit of the work product of prior counsel. He had information from his client concerning the extensive correspondence between appellant and Ferguson. We find no abuse of discretion by the trial court.

■ Appellant contends the court erred when it admitted into evidence State's Exhibits 3–A and 3–B. The exhibits consist of portions of the statements given by the victims to a welfare worker. The statements were taken during the morning of August 9, 1983, which was a Tuesday following the weekend when the incident occurred. Appellant argued to the trial court that the State had failed to provide notice of an intent to offer evidence of past sexual conduct involving appellant and the victims as required by Ind.Code § 35–37–4–4(c). The trial court agreed and ruled the State should redact the statements to exclude all references to sexual activity which did not occur on the weekend in question. The court also granted appellant's motion in limine which provided in part that the State should not: "mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any evidence relating to the aforesaid sexual conduct of the defendant with said witnesses prior to August 5, 1983."

Appellant objected then and now to the admitted portions of the statements. He contends it is unclear from the context of the exhibits whether all responses and questions refer to events of that weekend. Thus he contends the court failed to enforce its own orders.

Exhibit 3–B, the statement of C.H., contains no specific references to the days of the past weekend. Exhibit 3–A, the statement of S.H., does contain references to the events of Friday and Sunday of that weekend. Both statements contain references to certain incidences other than the sexual incidences which permit the date references of S.H. to link both statements to only the events of the weekend. We find no error in the admission of the exhibits.

■ Appellant maintains the court erred when it found S.H. and C.H. were competent to be witnesses. Ind.Code § 34–1–14–5 provides that children under the age of 10 years are not competent witnesses unless it appears they understand the nature and obligation of an oath. At the time of trial, both girls were under the age of 10. The court held a pretrial competency hearing. At that time appellant challenged the witnesses based on their age, intellectual capacity, mental capacity as it pertained to the ability to perceive, remember and narrate events of the past and their veracity. The court heard the testimony of professionals who had examined the children, teachers of the children, adult neighbors of Ferguson during the time the children lived with her and from the children themselves. The court found the children competent. Appellant contends that decision was incorrect in light of the testimony of the witnesses.

Determinations of the competency of a witness under the age of 10 are within the discretion of the trial court. When the court has an opportunity to interview the potential witness and observe the capabilities of the child, the determination will be reviewed only for an abuse of that discretion. *Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166.

A review of the testimony of all the witnesses reveals various opinions were presented concerning the competency of the children. The court's interview with the children was adequate to support his finding that they knew the difference between truth and falsehood. From the evidence we conclude the trial court did not abuse its discretion when it determined the children were competent witnesses.

The trial court is in all things affirmed.

All Justices concur.