## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 09 2017, 6:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sherwin E. Jones, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 9, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1611-CR-2538 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy J. Barbar, Magistrate <br><br> Trial Court Cause No. <br> 49G02-1508-FC-27286 |

**Mathias, Judge.**

[1] After a jury trial in Marion Superior Court, Sherwin E. Jones ("Jones") was convicted of Level 5 felony sexual misconduct with a minor and acquitted of

Level 4 felony child molesting. In this appeal, Jones claims he was entitled to severance of the two charges as a matter of right and seeks a new trial on the Level 5 felony charge.

[2] We affirm.

## Facts and Procedural Posture

[3] From July 2014 to January 2015, Jones lived in a house in Indianapolis, Indiana, with two of his adult brothers. Among other children, Jones had two daughters, L.J. and K.J., from a past long-term relationship. At the time, L.J. was eleven or twelve years old, and K.J. was fourteen. Together with their brother and sisters, L.J. and K.J. would stay at Jones's house over the weekend and during the summer when they were not in school. Jones's brothers' children, L.J. and K.J.'s cousins, would sometimes stay at the house as well. Between the three men and their children, the home was often crowded with "eight, nine girls[,]" one or two boys, and the three brothers. Tr. p. 104.

[4] The house had three bedrooms, which were occupied by one brother each. Jones's children would often sleep in his room in his bed. One night over the Fourth of July holiday of 2014, K.J. was asleep in Jones's bed. She was awoken by the feeling of Jones fondling her breasts and touching her groin. K.J. abruptly got out of bed and went to the restroom. K.J. and Jones never said anything to each other about what happened.

[5] In January 2015, K.J. told her mother what Jones had done. In response to her mother's questioning, L.J. then alleged that Jones had done the same to her —

that is, fondled her as she lay asleep in his bed during an overnight visit with her sisters — sometime after July 2014.

On August 3, 2015, the State charged Jones by information in Marion Superior Court, later amended to charge Level 4 felony child molesting as to L.J. ("Count I") and Level 5 felony sexual misconduct with a minor as to K.J. ("Count II"). Jones moved to sever the charges on January 13, 2016. After a hearing on March 30, 2015, the court took the motion under advisement and denied it by written order on April 14, 2016. Jones was tried before a Marion County jury on July 28, 2016. The jury found him guilty as charged on Count II but not guilty on Count I. On October 17, 2016, Jones was sentenced to a three-year term, suspended to probation.

This timely appeal followed. Jones claims the trial court erred in denying his motion to sever Counts I and II.

## Standard of Review

"The degree of deference owed to a trial court's ruling on a motion for severance depends on the basis for joinder." *Pierce v. State*, 29 N.E.3d 1258, 1264 (Ind. 2015). Where the offenses have been joined under Indiana Code Section 35-34-1-9(a)(1) because they are of the same or similar character, we review the ruling de novo. *Id.* But where the offenses have been joined under Section 35-34-1-9(a)(2) because they are connected or are parts of whole, we review the ruling for an abuse of discretion. *Id.*

# Discussion and Decision

[9]     A criminal defendant is entitled as matter of right to severance of the charges against him, and severance is therefore mandatory for the trial court, if the charges have been joined solely because they are of the same or similar character under Indiana Code Section 35-34-1-9(a)(1). Ind. Code § 35-34-1-11(a); *Pierce v. State*, 29 N.E.3d 1258, 1264 (Ind. 2015). But if the offenses are joined for another reason — under Section 35-34-1-9(a)(2), if they "are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan[]" — the trial court may in its discretion determine that "severance is appropriate to promote a fair determination of the defendant's guilt or innocence" in view of "the number of offenses charged; the complexity of the evidence to be offered; and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently to each offense." I.C. § 35-34-1-11(a)(1) through (3); *Jackson v. State*, 938 N.E.2d 29, 37 (Ind. Ct. App. 2010), *trans. denied*. The mandatory-severance inquiry looks to the nature of the charges; the discretionary-severance inquiry looks to the operative facts underlying those charges. *Pierce*, 29 N.E.3d at 1265.

[10]    Here, Jones's motion to sever Counts I and II argued both mandatory and discretionary grounds for severance: that the charges should be severed both as a matter of right and to promote a fair determination of Jones's guilt or innocence. Appellant's App. p. 56. By its order of April 14, 2016, the trial court ruled that Jones was "not entitled to severance a matter of right[,]" *id.* at 87, because the charges against him were not joined solely because they were of the

same or similar character, but the court did not appear to address the propriety of discretionary severance. In any event, Jones appears to confine his argument on appeal to mandatory severance. Appellant's Br. at 11 ("Mr. Jones should have been entitled to severance as a matter of right."), 15 ("[I]t is clear that Mr. Jones should have been entitled to severance as a matter of right in this case."). We therefore confine our review to mandatory severance. *Pierce*, 29 N.E.3d at 1264 n.3.

[11] Jones appears to concede that the trial court's denial of his motion to sever as a matter of right was correct under current law: "The trial court's order," Jones says, "finds plenty of support in the caselaw and, indeed, the order cites several similar cases." Appellant's Br. at 12. We agree, as outlined below.

[12] But rather than rely on current law, Jones urges us to adopt the approach to joinder and severance set out by Justice Rucker in *Wells v. State*, 983 N.E.2d 132, 132 (Ind. 2013) (Rucker, J., dissenting from denial of transfer). There, Justice Rucker, joined by then-Chief Justice Dickson, stated that "our traditional approach [to severance] is in need of reconsideration," *id.* at 139, in favor of an analysis that "recognize[s] the interplay" between joinder rules and the bar against character-propensity evidence. *Id.* at 137. Current law's focus on whether charges were joined solely because of the same or similar character undermines defendants' statutory right to severance, Justice Rucker argued, since it is "rarely the case" that a given set of facts cannot be more or less arbitrarily described as "connected" or "based on the same conduct[.]" *Id.* at 136-37. Justice Rucker, again joined Justice Dickson, renewed his attack on

current joinder analysis in *Pierce*. 29 N.E.3d at 1271 (Rucker, J., concurring in the judgment).

[13] Justice Rucker — and Jones — may well be correct that "our traditional approach is in need of reconsideration." *Wells*, 983 N.E.2d at 139. But it is not this panel's place to supply it. Twice in the last four years, in *Wells* and *Pierce*, our supreme court has declined Justice Rucker's invitation to reconsider Indiana's joinder and severance analysis. All three members of the majority that denied transfer in *Wells* and joined the lead opinion in *Pierce* currently sit on the court, while neither member of the minority in those cases currently does. Indiana's joinder rules will remain as they are for the near future, at least.

[14] Jones's apparent concession of the correctness of the trial court's ruling on mandatory severance under current law is well taken. Offenses may be considered "connected" under Section 35-34-1-9(a)(2) "by a defendant's efforts to take advantage of his special relationship with the victims." *Pierce*, 29 N.E.3d at 1266 (citing *Turnpaugh v. State*, 521 N.E.2d 690 (Ind. 1988) (victims were two young sisters and defendant's overnight guests); *Heinzman v. State*, 895 N.E.2d 716 (Ind. Ct. App. 2008) (victims met defendant through defendant's work as Child Protective Services caseworker), *trans. denied*; *Booker v. State*, 790 N.E.2d 491 (Ind. Ct. App. 2003) (victims were under defendant's care), *trans. denied*). Offenses may also be considered "connected" under Section 35-34-1-9(a)(2) by sharing a method or a motive. *Id.* (citing *Craig v. State*, 730 N.E.2d 1262 (Ind. 2000) (defendant's alleged method of molesting two young girls was highly distinctive; defendant's motive was to satisfy sexual desire)).

[15] Here, the trial court found that "Counts I and II involve siblings. There is a common relationship between the Defendant and the alleged victims. The crimes are alleged to have occurred against these siblings in the same house, in the same bed, during visitation periods, and while the children were sleeping." Appellant's App. p. 86. In other words, under Counts I and II, a father was accused of molesting two of his daughters in the same place in the same way for the same reason. Even on de novo review, we cannot say that the trial court erred in concluding that Counts I and II were not joined *solely* because they charged offenses of the same or similar character.

[16] Finally, Jones's failure to argue the point on appeal notwithstanding, any error arising from the trial court's denial of discretionary severance was harmless. When reviewing rulings on discretionary severance, "[w]e will only reverse the judgment and order new, separate trials if the defendant can show that[,] in light of what actually occurred at trial, the denial of a separate trial subjected him to such prejudice that the trial court abused its discretion in refusing to grant his motion for severance." *Brown v. State*, 650 N.E.2d 304, 306 (Ind. 1995) (quotations omitted); *Dill v. State*, 727 N.E.2d 22, 24 (Ind. Ct. App. 2000), *aff'd*, 741 N.E.2d 1230 (Ind. 2001).

[17] Jones warns us of the danger of unfairly prejudicial evidentiary "spillover" from one charge to another in a joint trial, but there is no indication of any such prejudicial spillover in this case. Jones faced two charges predicated on two stories told by two accusers. His was essentially a trial on his accusers' credibility. From its verdicts, the jury apparently believed one of them (K.J.) but

not the other (L.J.). We perceive no reason, and Jones articulates none, to suspect that the guilty verdict as to K.J. was influenced in any degree by the evidence as to L.J., whose testimony the jury by hypothesis did not credit. The jury simply did not draw the "forbidden inference" of present criminality as to K.J. from a prior bad act as to L.J. when it rejected the predicate of the inference. Appellant's Br. at 13 (quoting *Byers v. State*, 709 N.E.2d 1024, 1026 (Ind. 1999)). Jones concedes that the split verdict might "prove[] [the jury's] ability to parse the evidence" and the law, but argues "it is equally likely that the jury found the evidence as to both counts weak, but . . . [was] loath to fully acquit" Jones based on the disturbing nature of the accusations against him. Appellant's Br. at 11. This is mere speculation. In light of what actually occurred at trial, we cannot say that Jones was reversibly prejudiced by any error in the trial court's denial of his motion for discretionary severance.

## Conclusion

[18] The trial court did not err in denying Jones's motion for mandatory severance, and any error arising from its denial of discretionary severance was harmless. The judgment against Jones is therefore affirmed.

[19] Affirmed.

Kirsch, J., and Altice, J., concur.